WILLIAM E. CRAWFORD V. THE LININGER & METCALF
COMPANY.

No. 15,541. (95 Pac. 1134.)

WILLIAM E. CRAWFORD V. THE PARLIN, ORENDORFF &
MARTIN COMPANY.

No. 15,542.

SALES—*Notice of Fraud—Innocent Purchaser.* One who bought
land with sufficient notice of the purpose of his vendors to
defraud their creditors to put a reasonably prudent person
upon inquiry was not an innocent purchaser.

Error from Brown district court; WILLIAM I.
STUART, judge. Opinion filed May 9, 1908. Affirmed.

*B. R. Martin,* and *F. M. Pearl,* for plaintiff in error.
*James Falloon,* for defendant in error.

*Per Curiam:* The only question argued in this case
is if the interpleader, William E. Crawford, was a
*bona fide* purchaser of the land in controversy. The
question is one of fact, and has been determined by
the trial court adversely to the interpleader, upon oral
evidence.

The clear purpose of the vendors was to defraud
their creditors. This fact being established, the burden
rested upon the purchaser to show good faith on his
part. It is not necessary that a purchaser should know
of the fraudulent design of his grantors, or should
knowingly participate in their scheme, in order to de-
stroy the innocent character of the transaction as to
him. It is enough that he has notice of facts suffi-
cient to put a reasonably prudent person upon in-
quiry. In this case the facts and circumstances indi-
cating there was something radically wrong about the
sale were so numerous and peculiar that the trial court
could not have found the purchaser lacked information
sufficient to put him upon inquiry. It is not neces-

sary to recapitulate the evidence. The rules of law stated are elementary. The judgment of the district court is affirmed.

The same questions as above are involved in the case of William E. Crawford v. The Parlin, Orendorff & Martin Company, No. 15,542, and the judgment of the district court is affirmed.